IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.M.V.,[1]

        Plaintiff,

v.                                                                    Case No. 18-1202-JWB

ANDREW SAUL,
*Commissioner of Social Security,*

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for an award of attorney fees and costs in the amount of $10,173.75, under the Equal Access to Justice Act ("EAJA"). (Docs. 23-1, 25.) The Commissioner of Social Security ("the Commissioner") contests the award of fees, claiming that his position was substantially justified. (Doc. 24.) Further, the Commissioner contests that the number of billable hours claimed by Plaintiff's attorneys is unreasonable. For the reasons provided herein, Plaintiff's motion is GRANTED.

**I. Analysis**

"The EAJA . . . requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified." *Sieber v. Berryhill*, No. 17-2630-JWL, 2018 WL 3389888, at *2 (D. Kan. July 12, 2018) (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is met when "the government's position [is] 'justified to a degree that could satisfy a reasonable person.'" *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Generally,

---

[1] Plaintiff's initials are used to protect privacy interests.

unreasonable action by the agency in the underlying action should result in an award of attorney fees under the EAJA. *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (quoting *Hackett*, 45 F.3d at 1174). However, the Tenth Circuit allows for unreasonable actions by the agency in the underlying action to be cured by a reasonable litigation position. *Id.* This exception can include a reasonable but unsuccessful claim of harmless error by the agency. *Evans*, 640 F. App'x at 733 (quoting *Groberg v. Astrue*, 505 F. App'x 763, 765-66 (10th Cir. 2012)). The government bears the burden to establish substantial justification. *Hackett*, 475 F.3d at 1169.

In support of his substantial justification argument, the Commissioner relies on the Tenth Circuit's decision in *Evans*. (Doc. 24 at 3-4.) *Evans* explains how to evaluate whether the government's position was substantially justified in a case where the government argued that the error by the Administrative Law Judge ("ALJ") was harmless. *Evans*, 640 F. App'x at 735. In *Evans*, the ALJ determined that the claimant could perform the job of silverware wrapper. *Id.* at 734. The claimant, however, could not perform that position due to the claimant's RFC. *Id.* The Commissioner's litigating position, which was ultimately unsuccessful, was that the error was harmless because even after the silverware wrapper jobs were removed, a significant number of jobs (18,831) were still available. *Id.* at 735. The *Evans* court had to distinguish between two precedents in its evaluation. *Id.* at 736. The first was a case where similar circumstances led to a successful harmless error argument based on 152,000 jobs remaining after the erroneously considered job was omitted. *Stokes v. Colvin*, 564 F. App'x 935, 940-41 (10th Cir. 2014). The second was an unsuccessful claim where the harmless error argument was based on 100 jobs remaining. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). The court of appeals determined that because of this precedent, there was uncertainty surrounding the government's harmless error claim given the number of jobs remaining in *Evans*. *Evans*, 640 F. App'x at 736-

2

37. Although the court of appeals ultimately determined that the ALJ's error was not harmless, the uncertainty surrounding the Commissioner's position resulted in a determination that it was substantially justified. *Id.*

No such uncertainty exists in the present case. The Commissioner argued that failure to consider Plaintiff's fibromyalgia diagnosis in the underlying action was harmless error because the ALJ considered the "clinical findings and limitations associated with the . . . impairment when formulating the RFC." (Doc. 16 at 5.) However, "the court [could] not say that the undiscussed evidence and diagnoses pertaining to fibromyalgia could not possibly have affected the ALJ's conclusions about the severity of the Plaintiff's symptoms . . . ." (Doc. 20 at 9 (noting that the ALJ failed to consider several diagnoses of fibromyalgia rendered by Plaintiff's physicians in spite of the Commissioner's directives to the contrary in Social Security Ruling SSR12-2P).) If a dispositive finding is not considered, the court can only support harmless error claims under exceptional circumstances. *Allen*, 357 F.3d at 1145. "To reach that conclusion here would require 'mere speculation regarding the ALJ's analysis.'" (Doc. 20 at 9 (quoting *Elliot v. Astrue*, 507 F. Supp. 2d 1188, 1195 (D. Kan. 2007))). Given that the underlying actions by the agency were unreasonable and that the harmless error argument provided in the subsequent litigation did not cure the unreasonable action, the Commissioner cannot be deemed substantially justified in his position. "When the government's legal position clearly offends established precedent . . . its position cannot be said to be 'substantially justified.'" *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) (quoting *Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985)). Therefore, the EAJA provides that fees must be awarded on the current motion. *See* 28 U.S.C. § 2412(d)(1).

The Commissioner further contends that the hours billed by Plaintiff's attorneys is unreasonable.[2] (Doc. 24.) Courts have a duty to review the reasonableness of attorneys' fees to avoid the public bearing the burden of payment of unreasonable attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[3] Reasonableness in the context of hours billed requires consideration of whether the hours were necessary under the circumstances. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The party seeking attorney fees bears the burden of proving that its request is reasonable and must 'submit evidence supporting the hours worked.'" *Sieber*, 2018 WL 3389888 at *2 (quoting *Hensley*, 461 U.S. at 433-34).

Plaintiff contends the size of the record in this case relative to other cases decided in the Tenth Circuit supports greater than the 30 to 40 hours typical for straightforward disability cases. *Myer v. Barnhart*, No. 04-4077-JAR, 2005 WL 3084898, at *1 (D. Kan. Nov. 3, 2005). "[T]he number of alleged disabilities, and the extent of the record directly affect the scope of the judicial review and certainly the length of the claimant's brief." *Id.* at *2. In *Myer*, a record of 197 pages supported a claim for 48.30 hours because of the extensive look into the facts required given the amount of evidence not considered by the ALJ in that case. The extensive cataloguing and detail needed in the statement of facts for *Myers* makes it an exceptional case, however. *Id.* This Court finds two other cases to be more instructive. First, *Williams v. Astrue* is a case where the record contained 693 pages. *Williams v. Astrue*, No. 06-4027-SAC, 2007 WL 2582177, at *1 (D. Kan. Aug. 28, 2007). While the record and the excessive briefing that followed did not support the 59.40 hours billed by the claimant's attorneys in *Williams*, the court did find 37 hours to be reasonable under the circumstances. *Id.* at *2. Second, *Martinez v. Colvin* is a case where the record contained 624 pages. *Martinez v. Colvin*, No. 1:15-cv-806 LF, 2016 WL 9774938, at *2

---

[2] There is no contention that the hourly rate for either the attorneys or clerks was too high.
[3] As made applicable to EAJA fees through *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990).

(D. Kan. Nov. 30, 2016). The court indicated this was an average length record and would not allow greater than the typical 30 to 40 hours billed as a result. *Id.* The court determined 40 hours to be reasonable in *Martinez. Id.* at *3. The present case involves a record over 1,300 pages long. (Doc. 25-1.) Due to the length of the record almost doubling the records in *Williams* and *Martinez*, the extra time taken in reviewing the record and briefing is reasonable under the circumstances. The 43.9 hours of attorney time (plus 3.5 hours spent on the reply) and 9.9 hours of clerk time[4] are not excessive relative to the typical 40 hours allowed considering the record is more than twice the size of an average record in similar types of cases.

The Commissioner argues that *Sieber v. Berryhill* is instructive to the present case. (Doc. 24.) However, in *Sieber*, the court reduced the hours billed because they included hours necessary to train a new attorney working on the case. *Sieber*, 2018 WL 3389888 at *2. No such training time was included in the hours billed for the present case. (Doc. 23-3.)

The Commissioner also argues the time spent reviewing the record by local counsel should be excluded as duplicative work. (Doc. 24.) Time spent by the local counsel reviewing the record is not duplicative because such review is a requirement under Local Rule 5.4.2 and, in any event, only amounted to 1.2 hours.

**II. Conclusion**

The Commissioner's position concerning the failure to consider Plaintiff's fibromyalgia diagnosis in the underlying action was not substantially justified. The hours billed in the present case are reasonable. Plaintiff's motion for an award of attorney fees and costs in the amount of

---

[4] A review of the record indicates the amended clerk times in Plaintiff's reply were to perform tasks an attorney would otherwise have to perform.

$10,173.75 is GRANTED. (Doc. 23.) The award shall be made payable to attorney Frederick J. Daley, Jr. as principal attorney of the firm representing the plaintiff.[5]

IT IS SO ORDERED this 8th day of November, 2019.

_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[5] *Astrue v. Ratliff*, 560 U.S. 586 (2010) indicates the Commissioner previously employed a practice of providing attorney fees directly to the attorney in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 597. The suggestion that *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007) requires direct payment to the plaintiff omits specific mention that fees must be paid to the prevailing party only "[i]n the absence of a contractual assignment [of the fee award] to counsel." *Id.* at 1252 (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir. 1999)). Such a contractual assignment exists in the present case, and there is no indication the plaintiff owes a debt to the government. *See* Doc. 23-7.