IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.M.V.,

       Plaintiff,

v.                                               Case No. 18-1202-JWB

ANDREW SAUL,
*Commissioner of Social Security*,

       Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's unopposed motion for attorney fees. (Doc. 27.) The motion states that counsel for Defendant has reviewed the fee petition and has no objection to it. (*Id.* at 5.) Plaintiff's motion is GRANTED for the reasons set forth herein.

## Analysis

Plaintiff filed this action seeking review of the Commissioner's decision denying benefits. (Doc. 1.) On June 6, 2019, this court reversed and remanded the Commissioner's decision for further proceedings in accordance with the court's order. (Doc. 20.) Plaintiff then moved for attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). The court granted that motion and awarded EAJA fees in the amount of $10,173.75. (Doc. 26.) According to Plaintiff's current motion, the entire $10,173.75 EAJA award was offset against a debt owed by Plaintiff to the government, such that Plaintiff's counsel received none of it. (Doc. 27 at 2.)

Upon remand, Plaintiff was awarded past due benefits of $37,505.00. (*Id.* at 4.) Prior to filing this action, Plaintiff entered into a contingency agreement with her counsel. This agreement provided that Plaintiff's counsel would receive 25% of any past-due benefits awarded. (Doc. 27-

1

2.) The Commissioner has withheld $9,376.25 out of the award of past-due benefits (i.e. 25%), so that a motion for attorney's fees could be filed with this court. (Doc. 27-1 at 3.)

Pursuant to 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…" In social security cases, EAJA fees are separate from fees awarded under § 406(b). *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008). Attorneys cannot keep both fee awards but must refund the lesser of the EAJA or § 406(b) fees to Plaintiff. *Id.* "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* In the instant case, where Plaintiff's counsel received none of the EAJA award due to a governmental offset, Plaintiff's counsel may recover his or her fees under § 406(b).[1] *See Torey E. v. Saul*, No. EDCV 17-1626-KK, 2020 WL 996788, at *3 (C.D. Cal. Mar. 2, 2020) (where entire EAJA amount was offset, "the Court finds no basis to require refunding EAJA awards from the Section 406(b) attorney's fees."); *Bennett v. Berryhill*, No. 1:13-CV-00327-SLC, 2018 WL 6016888, at *4 (N.D. Ind. Nov. 9, 2018) ("Bennett's EAJA fee award of $5,170.55 need not be offset from Shull's award under § 406(b), as Bennett's entire EAJA fee award was seized by the government to satisfy a debt that Bennett owed to the federal government.")

Although an attorney may contract for 25% of past due benefits, the court must ensure that it yields a reasonable result. *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D.

---

[1] Plaintiff received the benefit of the EAJA award in the form of a reduction of her debt.

Kan. Dec. 23, 2014) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Plaintiff's counsel seeks attorney's fees of $9,376.25. Counsel indicates that 58 hours were expended on this matter, which yields a de facto hourly rate of $161.65. (Doc. 27 at 3.) Counsel has itemized the hours spent on court representation. (Doc. 27-4.) The Commissioner does not object to the fee request. (Doc. 27 at 5.) The court finds that the fee request in this matter is reasonable. *See Bryant,* 2014 WL 7359023 at *1 ($418.28 per hour is a reasonable fee) (citing *Robbins v. Barnhart*, Case No. 04–1174–MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007) (courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).

## Conclusion

Plaintiff's motion for attorney fees under § 406(b) (Doc. 27) is GRANTED. Plaintiff's attorney is entitled to $9,376.25 in fees under § 406(b), with payment to be made to Frederick J. Daley, Jr., as principal attorney of Daley Disability Law, P.C. The Commissioner shall pay the fees from the funds being withheld from Plaintiff's past-due benefits.[2]

IT IS SO ORDERED.

    s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE

---

[2] The Commissioner's explanation letter to Plaintiff of the amount withheld is somewhat unclear. It stated that $9,376.25 was being withheld, before stating that Plaintiff's attorney could not charge more than $6,000.00 for his work – an apparent reference to the limit imposed by § 406(a) for representation before the Commissioner. (Doc. 27-1 at 2-3.) It then stated that "[w]e will continue to withhold the remaining balance of $3376.25 in case your lawyer asks the Federal Court to approve a fee for work done before the Court." (*Id.* at 3.) This suggests the Commissioner may have intended to pay out $6,000.00 of the withheld funds to Plaintiff's attorney, although nothing in the record indicates that was in fact done. The court's award in this case authorizes Plaintiff's attorneys to recover a fee consisting of the entire $9,376.25 in withheld funds, but counsel's recovery from withheld funds will obviously be limited to the remaining $3,376.25 if the Commissioner has already paid $6,000.00 to Plaintiff's counsel.